IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHNNIE CRITES                                                    PLAINTIFF

vs.                          NO. 4:19-cv-00098 KGB

AETNA LIFE INSURANCE COMPANY                   DEFENDANT

**PLAINTIFF'S RESPONSE TO THE DEFENDANT AETNA LIFE
INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE
<u>ADMINISTRATIVE RECORD</u>**

Comes now the plaintiff, Johnnie Crites, by and through her attorneys, James F. Swindoll of the Law Offices of James F. Swindoll, and for plaintiff's response to the defendant Aetna Life Insurance Company's motion for judgment on the administrative record, states:

Johnnie Crites in opposition to the motion for judgement on the administrative record argues that Aetna erred as to her long-term disability claim because she did not receive the full and fair review of that claim required by 29 U.S.C. § 1133(2).

Under ERISA, employee benefit plans must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision

1

denying the claim." 29 U.S.C. § 1133(2).  In accordance with the authority of 29 U.S.C. [§] 1133; 29 C.F.R. § 2560.503-1 "sets forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits." and requires that the process be fair and impartial.

In this case the denial is based upon consultants and "peer reviewed" conclusions about plaintiff and her doctors' opinions.  Despite her history of not working in years (since 2016) and plaintiff receiving benefits from the defendant for two years, Aetna using retained expert/reviewers who have never seen or treated plaintiff denied her future benefits by picking through the medical records for instances which support their opinions while completely ignoring the totality of her treatment records showing that there was a significant physical basis for her statements and those of her treating physicians that she was unable to work.  As indicated, under ERISA statutes, employee benefit plans must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim" 29 U.S.C. § 1133(2) and those of her treating physicians.

Retaining consultants who discredit the treating doctors and not informing the applicant that such persons were finding her doctors not credible is not a reasonable opportunity to address a decision denying her

benefits. The "selected" findings of the consultants were never reviewed by her treating physician and her doctors (who have been long term treaters) were not given ample opportunity to respond to the "peer review" relied upon by Aetna to deny her claim. For example, at no time during her treatment is any indication that the doctors treated Johnnie Crites thought she could work or otherwise hold a full time job. These records show serious spinal issues (Pseudoclaudication), severe headaches, noted pain and limitations that have continued and worsened during the two years that plaintiff was receiving benefits under this policy.

Additionally while we agree that there is discretion in making the decision in this case and also that a plan administrator has discretion to deny benefits based upon its acceptance of the opinions of reviewing physicians over the conflicting opinions of the claimant's treating physicians, the record in this case does not support the denial of benefits in this case". Because the denial and the underlying record does not support the decision that she can work, the denial is arbitrary and capricious. J*ohnson v. Metro. Life Ins. Co.,* 437 F.3d 809, 814 (8th Cir.2006); *Coker v. Metro. Life Ins. Co.,* 281 F.3d 793, 799 (8th Cir. 2002).

In addition in this case the plaintiff has been submitting evidence from her physicians which, unbeknown to her was being discounted and not

properly weighed as evidence of her disability. Instead Aetna picked experts which were unknown to her who picked through the medical records and found information that was selected to booster their opinions but which did not accurately represent the situation or her disability. Such information was also used by them to discredit or otherwise discount the information that supported her position and importantly was never communicated to plaintiff where she was informed and allowed to provide rebuttal to the findings. This was arbitrary and capricious because not only did the Aetna finding not reflect what plaintiff believed the medical records showed but that Aetna did not provided the information about their basis of denial until the administrative record was closed. This omission denied her the right to offer different evidence. Also, the plaintiff was never told that a vocational expert had been retained and had reported that she could work at some sedentary jobs. This finding was arbitrary because plaintiff was never give an opportunity to respond to this finding apparently was very much relied upon by Aetna. This information was developed and not disclosed and apparently controlled the outcome of denial.

In example the experts hired by Aetna called into question her credibility into by accusing her in their reports of fraud and illicit drug use without allowing her to submit records and other proof that demonstrated

otherwise. (defendant's brief p15). These accusations were then used to discount her complaints of spinal stenosis and Pseudoclaudication in her spine. Knowledge that Aetna was not crediting her long standing physician's finding and limitations findings allowed Aetna's consultant Dr. Farache, to demean her condition that she was unable to work (defendant's brief p15). She could not obtain a full and fair review as proscribed by the act because she did not know until it was too late to rebut these unknown findings. 29 U.S.C. § 1133(2)

Another example of the arbitrary and capricious nature is the failure to allow her the knowledge that her physicians had not "called back" and such failure was being used against her in her claim. (defendant's brief, p16). Providing information to the policyholder about the process and the accumulating evidence would have provided opportunity for Johnnie Crites to contact her physicians and secure their cooperation, instead the records of treatment were picked through to find evidence that supported the consultants' opinion. It was only later after the denial that plaintiff learned about "no return call" and its apparent negative effect on her claim. She was caught off guard and was not provided any opportunity for redress. This situation was addressed in *Wilcznski v. Lumbermens Mut.93 F.3rd 397* where such a non-disclosure was deemed unfair. While plaintiff

concedes that she might not be able to require complete disclosure of all workings in the denial, this situation which was being used against her would have been something easily corrected by her upon learning that her physicians had not called back.

Because the denial was arbitrary and capricious made and not in accord with the evidence, plaintiff prays that the denial be reversed and that benefits be awarded.

Respectfully submitted,

**James F. Swindoll**
Bar Number 77131
Attorney for Plaintiff
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

# **CERTIFICATE OF SERVICE**

      I hereby certify that on _____, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. William B. Wahlheim, Jr.
**Maynard, Cooper and Gale, P.C.**
Attorneys at Law
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618

                                        **James F. Swindoll**
                                        Bar Number 77131
                                        Attorney for Plaintiff
                                        Law Offices of James F. Swindoll
                                        212 Center Street, Suite 300
                                        Little Rock, Arkansas 72201
                                        (501) 374-1290
                                        E-mail: jswindoll@swindolllaw.com